ELEANOR CLAPP *vs.* JOHN A. GREEN.

A widow made a contract with G. that her minor son should work for G. at a certain sum per week and that she would board him while he should so work : After this contract was performed by the mother and the son, she brought an action against G. to recover the stipulated wages. *Held,* that she could maintain the action ; that the son had consented to the contract, and had his support out of it, and was therefore bound by it ; and that G. would not be responsible to him for the same work.

ASSUMPSIT to recover compensation for the services of the plaintiff's minor son.

At the trial in the court of common pleas before *Wells,* C. J. it appeared in evidence that the plaintiff was a widow, having a minor son, sixteen years old, living with her, and that she contracted with the defendant for the services of said son at the printing business, for $2·50 per week, for the first year, and that the plaintiff should board her son while in the defendant's service ; and there was evidence that the price of board was $2·25, or $2·50 per week. There was also evidence that there had been no breach of this contract, on the part of the plaintiff or her son.

Upon cross-examination of the plaintiff's witnesses, the defendant's counsel made inquiries, with a view to prove

that the husband of the plaintiff, and father of her said son, died in 1839 or 1840, possessed of property that was appraised at $7000 in real estate and $10,000 in personal estate ; that all the personal estate, and the proceeds of part of the real estate which had been sold for payment of his debts, had been expended in paying them, and that his administrator had collected the rents and profits of the remaining real estate, which annually amounted to $150, which he gave to the plaintiff for her support; and that said deceased left seven children his heirs at law, of whom said minor son was one.

This evidence was offered by the defendant, to show that said minor was seized and possessed of an estate adequate to his own support, so that the plaintiff would not be bound to support him, and therefore could not be entitled to his earnings. But the judge ruled that the testimony was not admissible under the general issue, and rejected it ; no specification of defence being filed in the case.

A verdict was returned for the plaintiff, and the defendant alleged exceptions to the said ruling.

*Kingsbury*, for the defendant. The testimony should have been received, to prove that the minor had ability to support himself. On such proof it would have appeared that the plaintiff is not bound, like a father, to support him ; that she is not entitled to his earnings, and therefore could not maintain this action. 1 Bl. Com. 449. *Day* v. *Everett*, 7 Mass. 147. Rev. Sts. *c.* 78, § 1. *Dawes* v. *Howard*, 4 Mass. 97. *Whipple* v. *Dow*, 2 Mass. 415. The burden of proof was on the plaintiff, and therefore the want of a specification of defence was no objection to the admission of this testimony.

*J. J. Clarke & Gourgas*, for the plaintiff. It is the duty of parents, mothers as well as fathers, to maintain their children, and they have also a right to their earnings. 1 Bl. Com. *c.* 16. *Benson* v. *Remington*, 2 Mass. 115. *Dedham* v *Natick*, 16 Mass. 140. *Nightingale* v. *Withington*, 15 Mass. 274. Rev. Sts. *c.* 12, § 38 ; *c.* 46, § 5; *c.* 79, § 4; *c.* 80,

§ 2. While this minor lived with his mother, and under her custody, he was *de facto* her servant, and third persons cannot question her right to his earnings; especially under a contract made with her. *Freto v. Brown*, 4 Mass. 675. The minor gave his implied consent to the contract made by the plaintiff, and worked in pursuance of it. The evidence, therefore, which was offered, was immaterial, and was rightly rejected for that cause. But if not immaterial, it could not be received without a specification.

HUBBARD, J. The facts, in this case, of the hiring by the defendant, and the price to be paid by him for the services of the minor, were proved to the satisfaction of the jury.

We think it unnecessary, upon the view we take of the case, to decide whether the evidence that was offered was rightly rejected. Upon the facts, as stated in the bill of exceptions — namely, that the son lived with his mother, (the plaintiff,) and performed the labor agreeably to the contract made by her — his consent to the contract must be implied, in the absence of all proof to the contrary; and she, having made this contract for the service of the minor, and having boarded him in pursuance of the contract, is now entitled to enforce payment. The son, knowing the fact, and consenting to the arrangement, and having his support out of it, is bound by it; and the defendant cannot be responsible to him for the same services, in another action.

*Exceptions overruled*